UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH F. OLIVARES,

        Plaintiff,

v.                                                                Case No. 17-10594

MICHIGAN COMPENSATION                               HON. AVERN COHN
AGENCY, MICHIGAN WORKERS'
COMPENSATION APPELLATE
COMMISSION, MICHIGAN BOARD
OF MAGISTRATES, MAGISTRATE TJAPKES,
and THE 30th CIRCUIT COURT THE
HONORABLE COLLETTE,

        Defendants.
_____/

**ORDER**
**GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**
**AND**
**DISMISSING COMPLAINT**

I.

Plaintiff Joseph F. Olivares[1] proceeding pro se, has filed a "complaint under 42

U.S.C. 1983 and Petition under Federal Rule of Civil Procedure 21 for Extraordinary

---

[1] A review of the Court's electronic filing system reveals that plaintiff is a frequent pro se filer in this district.  The majority, if not all, of plaintiff's complaints have been summarily dismissed.  See Olivares v. Performance Contr., et al., 02-74585; Olivares v. Fifteenth District Court, et al., 05-71275; Olivares v. Sutton, et al., 07-15201; Olivares v. Coy, et al., 12-10787, Olivares v. Tallahassee Police Dept., 14-10097; Olivares v. Leon, County, et al., 14-10098, and Olivarez v. Michigan Workers Compensation Agency, 15-11004.  Case number 15-11004 was before the undersigned.  The present case was reassigned to the undersigned as a companion to case number 15-11004.  In case number 15-11004, plaintiff sued the "Michigan Worker's Compensation Agency, Director Elsenheimer, Campbell, and Mark Long" as defendants.  The Court dismissed the complaint, which is similar to the complaint in the present case, for many of the same reasons that the present case must be dismissed.

Writ of Mandamus" naming the "Michigan Compensation Agency, Michigan Workers'

Compensation Appellate Commission, in their individual capacity, Th Michigan Board of

Magistrates, Magistrate Tjapkes, The 30th Circuit Court the Honorable Collette" as

defendants.  As best as can be gleaned, plaintiff is suing to have orders issued by

defendants "be removed as void of 2005."  He cites several provisions of Michigan law

under the Michigan Workers' Disability Compensation Act, the Michigan Constitution,

and 42 U.S.C. § 1983.  For the reasons that follow, the complaint will be dismissed for

lack of subject matter jurisdiction and for failure to state a claim.

II.

Plaintiff seeks to proceed in forma pauperis.  Based upon the information in

plaintiff's "Application to Proceed In Forma Pauperis," the Court, under 28 U.S.C. §

1915, GRANTS plaintiff in forma pauperis status.

III.

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if

it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim

upon which relief may be granted, or seeks relief against a defendant who is immune

from such relief.  A complaint "is frivolous where it lacks an arguable basis either in law

or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Factual frivolousness

includes allegations that are "clearly baseless," "fantastic", or "delusional."  Id. at 327-

28.

Moreover, a federal court is always "under an independent obligation to examine

their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a

federal court may not entertain an action over which it has no jurisdiction.  See

2

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction."). A district court may also dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974).

Finally, the Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

IV.

The Court has read the complaint. It is virtually unintelligible. The complaint makes mention that his employer was ordered to pay "benefits" in 2000 and again in 2005 stemming from a medical issue plaintiff had in 1998. He alleges that defendants have violated his rights to due process. He seeks mandamus relief in the form of this Court ordering defendants to "remove all orders" which he says violate the law. He cites 42 U.S.C. § 1983 as a basis for jurisdiction.

A.

First, to the extent plaintiff seeks to relitigate events that occurred relating to a workers' compensation claim in state court, the complaint is barred by the Rooker-Feldman doctrine. Under this doctrine, lower federal courts lack jurisdiction to

3

review a case litigated and decided in state court.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Anderson v. Charter Twp. of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001).  This is true even in the face of allegations that "the state court's action was unconstitutional."  Feldman, 460 U.S. at 486, 103 S. Ct. at 1317; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir. 1996).  Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476, 103 S. Ct. at 1311.

B.

Regarding plaintiff's request for mandamus relief, the federal mandamus statute, 28 U.S.C. § 1361, provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  By its terms, the statute only applies to officers or employees of the United States and does not apply to state officials or employees, such as defendants.  See Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970) ("federal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties"). Thus, the Court lacks subject matter jurisdiction to issue a writ of mandamus as to the state officials named as defendants in this case.

C.

As to a claim under § 1983, putting aside any issues of immunity that certain defendants may enjoy, a claim under § 1983 is barred by the statute of limitations. Michigan's three year statute of limitations for personal injury claims, M.C.L. §

4

600.5805(10), governs section 1983 actions when the cause of action arises in

Michigan. <u>Carroll v. Wilkerson</u>, 782 F.2d 44, 45 (6th Cir. 1986), <u>cert. denied</u>, 479 U.S.

923 (1986).  As best as can be gleaned, plaintiff is complaining about conduct that

occurred as early as 1998 and as late as 2005, all of which is more than three years

ago.

D.

Moreover, to the extent that plaintiff's federal claim is construed as a state law

claim seeking rights under state law, particularly Michigan's workers' compensation

statute, the Court lacks subject matter jurisdiction over such a claim.

V.

Accordingly, the complaint is DISMISSED.  The Court also certifies that any

appeal from this decision could not be taken in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3).

SO ORDERED.


                                        <u>S/Avern Cohn</u>
                                        AVERN COHN
Dated: March 7, 2017                    U.S. DISTRICT JUDGE
        Detroit, Michigan

5